NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13518

IN THE MATTER OF JAMES MURRAY.[1]


May 16, 2024.


Attorney at Law, Admission to practice.  Supreme Judicial Court, Membership in the bar.



The petitioner, James Murray, also known as James Hines, appeals from a judgment of the county court denying his petition, filed pursuant to our equity jurisdiction under G. L. c. 214, § 1, in which he sought a "provisional law license."  We affirm.

The requirements for admission to the practice of law in the Commonwealth of Massachusetts are set forth in G. L. c. 221, § 37, and S.J.C. Rule 3:01, as appearing in 478 Mass. 1301 (2018).[2]  Nothing therein authorizes a "provisional" law license.[3]  The petitioner apparently asks that he be permitted to bypass the requirements for admission to the practice of law and to have a "provisional" law license granted to him.  There

---

[1] Also known as James Hines.

[2] The petitioner is aware of these requirements, as he has previously filed an incomplete petition to take the Massachusetts bar examination.  See Matter of Murray, 492 Mass. 1017 (2023).

[3] In this respect, the legal profession differs from certain other professions in which, by statute, new practitioners may obtain a provisional license.  See, e.g., G. L. c. 112, § 144B (speech-language pathologist); G. L. c. 112, § 214 (perfusionist); G. L. c. 112, § 255 (genetic counselor).

simply is no legal basis to grant such an extraordinary request. The single justice properly denied the petition.[4]

<u>Judgment affirmed</u>.


The case was submitted on briefs.
<u>James Murray</u>, pro se.

---

[4] The petitioner has submitted documents that he styles as an "amicus publici" brief and a "pre-oral argument presentation," along with motions for leave to file these documents. Our rules make no provision for such filings. We nevertheless allow the motions for leave to file these documents and treat them as supplements to the petitioner's main brief.